IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VICTOR DETRES,** | : | |
| **Petitioner,** | : | |
| | : | |
| **v.** | : | **Civ. No. 13-7085** |
| | : | |
| **THE COMMONWEALTH OF** | : | |
| **PENNSYLVANIA, et al.,** | : | |
| **Respondents.** | : | |

## O R D E R

On December 3, 2013, state prisoner Victor Detres sought habeas relief based on a claim of ineffectiveness. (Doc. No. 1); 28 U.S.C. § 2254. I referred the matter to Magistrate Judge Hey, who has recommended denying relief because the state courts reasonably rejected the ineffectiveness claims. (Doc. No. 11.) I will overrule Petitioner's objections, accept Judge Hey's Report and Recommendation, and deny the Petition.

### I.      Background

In May 2006, the Bucks County District Attorney's Office charged Petitioner with two counts of kidnapping, one count each of burglary, robbery of a motor vehicle, and recklessly endangering another person, and multiple counts of criminal conspiracy. These charges arose from Petitioner's robbery of a Game Stop store in Montgomeryville Township. (Case No. 6860/2006.)

In September 2006, the Richland Township Police charged Petitioner with three separate counts of Robbery and Carrying a Firearm without a License in connection with three additional robberies. (Case Nos. 7509-7511/2006).

The Montgomeryville offenses were consolidated for trial with the Richland Township robberies. (Cases Numbers 6860/2006 and 7509-7511/2006). In January 2007, Petitioner

entered an open guilty plea before the Honorable Rea B. Boylan to the consolidated matters.  At sentencing, Petitioner's counsel, David A. Nicholls, requested that the sentences imposed only on the Richland Township counts run concurrently. (Sentencing Tr., 1/22/2007, at 47-49; Sentencing Tr., 1/24/2007, at 54.)  The prosecutor did not take a position on this request, stating that she "would not be asking for consecutive time" on the Richland Township counts. (Sentencing Tr., 1/22/2007, at 48.)

Judge Boylan sentenced Petitioner to an aggregate term of incarceration of not less than twenty years to not more than fifty years.  Petitioner was sentenced to the Montgomeryville offenses as follows: four to eight years for kidnapping (Count 1); consecutive four to eight years for kidnapping (Count 2); concurrent four to eight years for criminal conspiracy (Count 3); five to ten years for robbery (Count 4) to run consecutive to Count 2; three to six years for robbery (Count 5) to run consecutive to Count 4; three to six years for burglary (Count 6) to run consecutive to Count 5; two consecutive sentences of six to twelve months for recklessly endangering another person (Counts 11 and 12) to run consecutive to the previous offenses; five to ten years for criminal conspiracy to commit robbery (Count 15) to run concurrent to Count 4; and five to ten years for robbery threatening serious bodily injury (Count 16) to run concurrent to Count 4.  (Sentencing Tr., 1/24/2007, at 69-72.)  No penalty was imposed for the firearms offenses. (Id.)

Judge Boylan sentenced Petitioner to three concurrent terms of five to ten years imprisonment for the Richland Township robberies.  (Id.)  She also ordered that this aggregate five to ten year sentence would be consecutive to the sentences she had imposed for the Montgomeryville Township offenses. (Id.)

In February 2007, Petitioner filed a counseled Motion to Withdraw his Guilty Plea. Because the Motion apparently was not forwarded to the court or to the Commonwealth, no action was taken on it.

In April 2008, Petitioner filed a *pro se* Petition pursuant to the Post Conviction Relief Act. 42 Pa. C.S. §§ 9541-9551. Appointed counsel filed an amended Petition, alleging that counsel ineffectively failed to advise Petitioner that he would receive consecutive sentences on his Montgomeryville and Richmond cases, thus rendering his guilty plea involuntary. Petitioner also requested reconsideration of his sentence.

In April 2009, Judge Boylan held a hearing, during which she reinstated Petitioner's post-sentence rights *nunc pro tunc*. She thus considered Petitioner's post-sentence contention that his oral guilty plea agreement provided that he would receive concurrent sentences for the Montgomeryville and Richland Townships cases. Having heard the testimony of Petitioner, Mr. Nicholls, and others, Judge Boylan denied Petitioner's Motion to Withdraw his Guilty Plea, denied reconsideration of his sentence, and rejected his ineffectiveness claims. She found, *inter alia*, that "there is no evidence" that the Parties agreed to concurrent terms for the Montgomeryville and Richmond Township cases. Com. v. Detres, Cr. No. 6860-2006, Order, 11 (Bucks C.C.P. Sept. 9, 2009.) She also found that Petitioner understood that the court would determine whether his terms were concurrent or consecutive. Id. at 16. Finally, Judge Boylan found that Mr. Nicholls fully advised his client of the consequences of accepting an open plea, and that Petitioner approved of counsel's strategy of requesting concurrent time on the Richland Township offenses. Id. at 16.

In May 2010, the Pennsylvania Superior Court affirmed. Com. v. Detres, 4 A.3d 188 (Table), No. 1122 EDA 2009 (Pa. Super. May 11, 2010). The Pennsylvania Supreme Court

denied *allocatur*, and the U.S. Supreme Court denied his Petition for certiorari.  Com. v. Detres, 14 A.3d 823 (table), No. 413 MAL 2010 (Pa. Jan. 20, 2011); Detres v. Pennsylvania, 132 S. Ct. 235 (2011).

In October 2011, Petitioner filed a second *pro se* PCRA Petition, again alleging counsel's ineffectiveness.  In December 2011, counsel was appointed to represent Petitioner.  In February 2012, after appointed counsel failed to file a memorandum or amendments, Petitioner filed a *pro se* supplement to his PCRA Petition.  Judge Boylan granted Petitioner leave to represent himself.

Judge Boylan held a hearing on September 20, 2012 during which Petitioner relied solely on the record developed previously and so did not present any new evidence.  In October 2012, Judge Boylan denied Petitioner's second PCRA Petition for the same reasons she denied the first PCRA Petition.  Com.v. Detres, Cr. No. 6860-2006, Order (Bucks C.C.P. Oct. 4, 2012).  The Superior Court denied Petitioner's appeal in September 2013.  Com. v. Detres, 14 A.3d 377 (table), No. 3244 EDA 2012 (Pa. Super. Sept. 10, 2013).  Petitioner did not seek *allocatur*.

On December 3, 2013, Petitioner filed the instant Petition, raising the same ineffectiveness claim he had twice raised at PCRA: that Mr. Nicholls had ineffectively failed to advise Petitioner that he could receive consecutive sentences for the Richland and Montgomeryville Township offenses.  (Doc. No. 1, Mem. at 19.)   He also alleges that "counsel was ineffective for failing to seek funds to hire an investigator and to investigate exculpatory evidence and to interview promising witnesses."  Id. at 18.  The Commonwealth has responded. (Doc. No. 7.)

## II.    Standards

I must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C);

E.D. Pa. Local Rule Civ. P. 72.1 (IV)(b) (written objections to a Report and Recommendation must specifically identify the portions of the Report to which objection is made).  I may "accept, reject, or modify, in whole or in part" the Magistrate's findings or recommendations.  Id.; Brophy v. Halter, 153 F. Supp. 2d 667, 669 (E.D. Pa. 2001).

I may grant habeas relief only if the state court's merits decision: (1) "was contrary to, or involved an unreasonably application of, clearly established Federal law"; or (2) if the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  18 U.S.C. § 2254(d)(1)-(2).  The "clearly established Federal law" governing Petitioner's ineffectiveness claim is set out in Strickland v. Washington, 466 U.S. 668 (1984).  Accordingly, I must decide whether the PCRA court's application of Strickland was "objectively unreasonable."  Bell v. Cone, 535 U.S. 685, 698-99 (2002); Commonwealth v. Sneed, 899 A.2d 1067 (Pa. 2006).  Petitioner must show that the PCRA court's decision "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  Harrington v. Richter, 562 U.S. 86, 103 (2011); Pinholster, 131 S. Ct. at 1398 (a state-court decision must "be given the benefit of the doubt").

To make out ineffectiveness, Petitioner must show: (1) his attorney's representation was unreasonable under prevailing professional norms; and (2) but for that deficiency, there is a reasonable probability that the result of the proceedings would have been different.  See Strickland, 466 U.S. at 688.  Review of ineffectiveness claims is "doubly deferential when it is conducted through the lens of [§ 2254] habeas."  Yarborough v. Gentry, 540 U.S. 1, 6 (2003).  If I conclude that counsel's strategy was not unreasonable, I need not address prejudice.  United States v. Lilly, 536 F.3d 190, 196 (3d Cir. 2008).  I must conduct an evidentiary hearing "unless

the [§ 2254] motion and files and records of the case show conclusively that [the petitioner] is not entitled to relief."  Id. at 195 (internal quotation marks omitted).

### III.    Discussion

Instead of objecting to specific portions of Judge Hey's Report and Recommendation, as he must, Petitioner instead "stands by his assertion" that counsel was ineffective.  (Doc. No. 16 at 1.)  Petitioner thus raises no objections to Judge Hey's Report but repeats some of the arguments he offered in his habeas Petition.  See Nghiem v. Kerestes, 2009 WL 960046, at *1 n. 1 (E.D. Pa. Apr.3, 2009) (I need not consider *de novo* objections that "merely re-articulate[] all the claims and theories for relief in the Petition").  I will nonetheless construe his submissions liberally and address the objections he apparently seeks to raise.  See Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011) (district courts may not decline to afford *de novo* review merely because objections "rehash" arguments made to Magistrate Judge).

Petitioner again argues that Mr. Nicholls ineffectively failed to advise Petitioner that he might receive consecutive sentences on the Montgomeryville and Richland Township offenses.  I agree with Judge Hey that Petitioner has not shown that Judge Boylan's rejection of this claim was "objectively unreasonable."   (Doc. No. 11 at 23-25); Cone, 535 U.S. at 698-99 ("[I]t is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied Strickland incorrectly.").

The following factual findings, to which I must defer, amply support Judge Boylan's conclusion that Mr. Nicholls was not ineffective.  See Nunez v. Lamaas, No. CIV.A. 12-7196, 2015 WL 787525, at *5 (E.D. Pa. Feb. 24, 2015) ("Generally, federal courts collaterally reviewing state proceedings must afford considerable deference to state courts' legal and factual determinations.").  As Judge Boylan found, Petitioner admitted his guilt and acknowledged that

there was no binding recommendation or negotiation in exchange for his pleas.  Com. v. Detres, Cr. No. 6860-2006, Order, 11, 15-16 (Bucks C.C.P. Sept. 9, 2009) ("The record reflects that the defendant entered an open plea of guilty and was not promised anything in exchange for his plea.").  Judge Boylan further found that, to the extent the Commonwealth had any agreement with Petitioner, it required only that the Commonwealth take no position on concurrent time for the Richland Township offenses—which the Commonwealth honored.  Id. at 11 ("The record reveals that the only agreement that existed between the Commonwealth and the defendant was that the Commonwealth would not take any position on concurrent time for the cases involving only the four Richland Township robberies.  Indeed the defendant received concurrent sentences on these cases.")  Such agreements need not be reduced to writing.  See Pa. R. Crim. P. 590(B). Finally, Judge Boylan found that Mr. Nicholls fully advised Petitioner as to his potential sentencing exposure, and that Petitioner entered his open plea with full knowledge that the sentencing judge could impose consecutive and lengthy sentences.  Id. at 16 ("Counsel stated that the defendant was aware of all of the terms of the agreement throughout his guilty plea and that he agreed with counsel's strategy.").  Apart from supposition, Petitioner has offered no facts, much less clear and convincing evidence, to refute these findings.  See 28 U.S.C. § 2254(e)(1).

Given her factual findings, Judge Boylan's conclusions—that: 1) Mr. Nicholl's advice did not render Petitioner's guilty plea involuntary, and 2) that Mr. Nicholls did not provide deficient representation—were reasonable.  See Com. v. Detres, Cr. No. 6860-2006, Order, 13-16; Com. v. Taylor, 933 A.2d 1035, 1041 (2007) ("The law presumes counsel has rendered effective assistance.").  Accordingly, I will accept Judge Hey's recommendation that Petitioner's ineffectiveness claim does not entitle him to relief.

Finally, Petitioner cursorily objects to Judge Hey's conclusion that counsel was not ineffective for failing to conduct an investigation.  I agree with Judge Hey that Petitioner has failed to "show what exculpatory evidence would have been uncovered by further investigation." (Doc. No. 11 at 26-27); United State v. Williams, 166 F. Supp. 2d 286, 306 (E.D. Pa. 2001); see also Lewis v. Mazurkiewicz, 915 F.2d 106, 115 (3d Cir. 1990).  He thus has not shown that any purported failure to investigate resulted in any prejudice.

Accordingly, I will overrule Petitioner's objections.

**IV.    Conclusion**

**AND NOW**, this 5th day of April, 2016, after careful and independent consideration of the Petition for Habeas Relief under 28 U.S.C. § 2254 (Doc. No. 1), the state court record, the Commonwealth's Answer in Opposition to the Petition (Doc. No. 7), Petitioner's Reply (Doc. No. 10), Petitioner's Objections (Doc. No. 16), and all other related submissions, and after review of United States Magistrate Judge Elizabeth T. Hey's Report and Recommendation (Doc. No. 11), it is hereby **ORDERED** that:

1.  The Report and Recommendation (Doc. No. 11) is **APPROVED** and **ADOPTED**;

2.  The Petition for a Writ of Habeas Corpus (Doc. No. 1) is **DISMISSED**;

3.  A certificate of appealability **SHALL NOT** issue;

4.  The Clerk of Court shall mark this case as **CLOSED** for statistical purposes.

**AND IT IS SO ORDERED.**

*/s/ Paul S. Diamond*

_____

Paul S. Diamond, J.